The state of demand before the justice was in the form of an account, in which were several items for cash, giving day and date. It was contended, that this general charge for cash, would not do; that the particular purposes for Which the cash was advanced, ought to be particularly set out; that a general count for money, had and received for instance, would ho insufficient, but a more particular specification of the circumstances under which the money was received, would be required:
But the Court said, as this was an account with the regular dates and items, it was sufficient.
The judgment in this case was entered in this manner; the jury by their foreman, say, that they find for the plaintiff eight dollars and twenty-five cents debt, for which sum I give judgment. It was contended there ought to have been a judgment entered distinct from the verdict, and not by reference to it; that it had been decided in this Court that an entry of judgment in this form, I give judgment accordingly, immediately after the finding of the jury, was error.
The Court said, that that was much more uncertain than this case; besides, that was in a case of forcible entry and detainer, in which more certainty was required.
On the trial below, two of the jurors were challenged by the defendant below for favor, for that they were neighbors to the plaintiff; the justice took no notice of this challenge. *346 It was now insisted on with great earnestness by the counsel for the plaintiff in certiorari, that the justice in every case of a challenge to the favor, must appoint triers.
But the Court said, to entitle a party challenging jurors for favor to a trial of his challenge, the challenge must state a case raising a suspicion of bias, that the juror and the party were in habits of great intimacy and friendship, or the like; but that [*] they were neighbors merely, raised no such suspicion; that the law supposed them to be neighbors.
It appeared, that after the jury had heard the cause, and while they were out considering of their verdict, on the suggestion of some person present, that the jury wished to have a witness..sworn and sent in to them; the justice swore a witness, who wonfin to .the jury, but when he came in, one of the jurors told him he was not the man they wanted, on which he went out, and this was all that passed between him and the jury. It was now urged that it was an unlawful transaction, and therefore,, that the judgment should be reversed for this cause.
But the Court said, it was true that this was very improper conduct on the part of the justice; but as no injury ensued from it to the plaintiff in certiorari, the Court would not reverse the judgment for that cause.
Judgment affirmed.